**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MACK GLOVER, et al., *on behalf of themselves and a class*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:16-cv-05993 |
| | ) | Honorable Charles P. Kocoras |
| BANK OF AMERICA CORPORATION, *et al.*, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS BY MERSCORP HOLDINGS, INC. AND
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

## I.     INTRODUCTION AND FACTUAL BACKGROUND

In the second amended complaint ("Complaint"), plaintiffs purport to assert claims against Mortgage Electronic Registration Systems, Inc. ("MERS") and MERSCORP Holdings, Inc. ("MERSCORP Holdings") (among others) by levelling a vague and unsupported attack on the mortgage lending industry. Plaintiffs contend, without any detail, that unidentified lenders and servicers misused personal information to increase the amount of fees they collect on Plaintiffs' residential mortgage loan accounts.

Plaintiffs never explain where MERS or MERSCORP Holdings fit into their fanciful claims. Rather, the Complaint merely states that "recording of mortgages in the name of MERS is a new practice in the mortgage lending industry" and further that "mortgages, or assignments of mortgages, for some of the loans have been, or may be, recorded in the name of [MERS], solely as nominee for the sponsor and its successors and assigns." Complaint ¶ 57. Plaintiffs also allege without any factual support that MERS "facilitated the transfer and recordation of illegally obtained personal identification information." Id. ¶ 71. Apart from these vague factual

1

allegations, see id ¶ 57, and unsupported legal conclusions and conclusory references, see id ¶ 71, Plaintiffs do not make a single substantive allegation against MERS (or MERSCORP Holdings) anywhere in the complaint.

Yet, out of these passing references, plaintiffs purport to assert claims for relief under (1) the Stored Communications Act, 18 U.S.C. §§ 2701, et seq. ("SCA"); (2) the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801, et seq. ("GLBA"); (3) the Fair Credit Reporting Act 15 U.S.C. 1681 §§ 1681, et seq. ("FCRA"); (4) the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq. ("DJA"); (5) the Real Estate Settlement Procedures Act 12 U.S.C. §§ 2601, et seq. ("RESPA"); and (6) common law unjust enrichment. As set forth in detail below, the Complaint fails to meet the most basic pleading standard set forth in Rule 8(a), and it should be dismissed for this reason. Furthermore, each of the counts in the Complaint fails for independent reasons under Rule 12(b)(6). For these and for the reasons that follow, the Court should dismiss the Complaint against MERS and MERSCORP Holdings.

## II.    STANDARD OF REVIEW

A motion to dismiss "tests whether the complaint states a claim on which relief may be granted." Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012). To survive such a motion, the complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The pleading standard set forth in Rule 8(a) "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "a formulaic recitation of the elements of a cause of action will not do," see id., because Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As the United States Supreme Court has explained, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter … to state a claim to relief that is plausible on its face [i.e., enough] factual content [to] allow[] the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The standard announced in Twombly and Iqbal governs the Court's consideration of all civil motions to dismiss.

## III.    ARGUMENTS AND AUTHORITIES

### A.    The Complaint fails to satisfy the pleadings standard of Rule 8(a)

The Court should dismiss the Complaint because it lacks sufficient factual detail to state a claim against MERS or MERSCORP Holdings under Rule 8(a)'s pleading standard, and because it otherwise fails to state a claim under Rule 12(b)(6). As noted above, Rule 8(a) requires plaintiffs to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 663. In the 24-page Complaint, however, Plaintiffs assert nothing more than unsupported allegations and legal conclusions with respect to MERS and MERSCORP Holdings in two paragraphs. See Complaint ¶¶ 57; 71. The rest of the Complaint is devoid of any reference to those defendants. This lack of factual detail is fatal under the pleading standard required by Rule 8(a). See Fed. R. Civ. P. 8(a); Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 663.

Plaintiffs' allegations directed to unspecified "defendants" do nothing to save their claims from dismissal. Rather, the Rule 8(a) pleading standard is not met where, as in this case, the complaint lumps defendants together without providing any factual allegations to distinguish their conduct. See Bank of Am., N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013) ("A complaint based on a theory of collective responsibility must be dismissed."); see also Rehabcare Grp. E., Inc. v. CC Care, LLC, 2016 WL 2595108, at *6 (N.D. Ill. May 4, 2016) ("An allegation that 'defendants' committed some act, 'without any details about who did what ... is inadequate' under Iqbal and Twombly, and 'does not propound a plausible contention that a particular person did anything wrong.'") (citation omitted). This is because a complaint must provide defendants

with "fair notice of what the ... claim is and the grounds upon which it rests." Iqbal, 556 U.S. 662, 698–99 (quoting Twombly, 550 U.S. at 555); see Knight, 725 F.3d at 818 (under the federal pleading standard, "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful."). Here, the Complaint lacks any factual allegations, beyond inaccurate and conclusory assertions, against MERS and MERSCORP Holdings. Instead, the Complaint is filled with vague assertions of purported misconduct against unspecified "defendants." See Complaint ¶¶ 70-71, 74, 77-79, 84-85, 89-91, 95, 97, 99-103, 105-110, 114-115, 124-131, 134-138, Prayer for Relief, p. 23. Those allegations are inadequate under Rule 8(a) because they do not provide "any details about who did what" and "do[] not propound a plausible contention that a particular person did anything wrong." Rehabcare Grp. E., Inc., 2016 WL 2595108, at *6. The Court should dismiss the Complaint for this reason.

Dismissal is further warranted where the complaint fails to differentiate MERS from MERSCORP Holdings. See Complaint ¶¶ 37, 57, 71. MERSCORP Holdings is the parent corporation of its wholly-owned subsidiary, MERS. See Corporate Disclosure Statement of MERSCORP Holdings (Docket No. 116). As a parent corporation, MERSCORP Holdings cannot be held liable for alleged misconduct of a subsidiary (to the extent any misconduct were to be alleged) based simply on its status a parent corporation. See United States v. Bestfoods, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation … is not liable for the acts of its subsidiaries."). The Court should dismiss the Complaint against MERSCORP Holdings for this additional and independent reason.

### B. Plaintiffs lack standing to sue MERS or MERSCORP holdings

Plaintiffs lack standing to sue MERS and MERSCORP Holdings because they have not—and cannot—allege an injury that is traceable to any alleged conduct on the part of MERS

or MERSCORP Holdings. To satisfy Article III's standing requirement, the plaintiffs must show: (1) a concrete injury-in-fact; (2) a causal connection between the alleged injury and the alleged wrongdoing; and (3) the likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). As to each element of standing, plaintiffs bear the burden of proof. Id. Here, the allegations in the Complaint do not meet that burden.

Plaintiffs' claims all arise out of alleged wrongdoing in connection with the servicing of their loans. See generally, Complaint Counts 1-6, pp. 14-23. Yet, Plaintiffs do not—and cannot—allege that MERS or MERSCORP Holdings service their loans. Rather, MERS only holds mortgage liens in local land records, and MERSCORP Holdings simply owns and operates a national electronic registry system that tracks the changes in servicing rights and the beneficial ownership interest in mortgage loans secured by liens held by MERS. They are not alleged to be loan originators or servicers. And nowhere do plaintiffs allege any injury that is "fairly traceable" to the alleged conduct of MERS or MERSCORP Holdings. See Lujan, 504 U.S. at 560. Plaintiffs, therefore, lack standing to assert alleged claims against MERS and MERSCORP Holdings, and the Complaint should be dismissed for this reason.

C.      **The Complaint fails to state claims upon which relief can be granted**

Even if the Court finds that Plaintiffs have standing and that the Complaint meets the pleadings standard set forth in Rule 8(a), the Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

1.      **The claim for relief under SCA fails**

Plaintiffs' claims for alleged violation of SCA fail because they do not allege any facts that make it plausible that MERS or MERSCORP Holdings are subject to the Act. SCA imposes

certain obligations upon entities that provide "electronic communication" or "remote computing" services. 18 U.S.C. §§ 2702(a)(1), 2702(a)(2). Plaintiffs allege without support that unspecified defendants provide such services to the public in a manner that violates SCA. Complaint ¶¶ 84-85, 89-90. Yet, these barebones allegations do not suffice to state a claim.

Under SCA, an "electronic communication service" is "any service which provides to users the ability to send or receive wire or electronic communications." 18 U.S.C. §§ 2510(15), 2711(1). SCA's legislative history confirms that the term "electronic communication services" is intended to apply only to telephone companies and electronic mail companies whose business is to provide email or similar communication services. See In re Michaels Stores Pin Pad Litig., 830 F. Supp. 2d 518, 523 (N.D. Ill. 2011) (Kocoras, J.) (citing S. Rep. No. 99–541 (1986), reprinted in 1986 U.S.C.C.A.N. 3555, 3558). Thus, while courts have applied SCA to communication companies that provide "electronic communication services," see id., plaintiffs do not (and cannot) allege that MERS, MERSCORP Holdings, or any other defendant for that matter, engage in this type of business or otherwise provide electronic communications services. And, as several courts have concluded, the mere fact that an entity may maintain a website to interface with its customers does not render that company subject to SCA. See In re Jetblue Airways Corp. Privacy Litig., 379 F. Supp. 2d 299, 307 (E.D.N.Y. 2005) (holding that "a company such as JetBlue does not become an 'electronic communication service' provider simply because it maintains a website that allows for the transmission of electronic communications between itself and its customers."); Dyer v. Northwest Airlines Corp., 334 F. Supp. 2d 1196, 1199 (D.N.D. 2004) ( "businesses offering their traditional products and services online through a website are not providing an 'electronic communication service.'").

Nor can Plaintiffs allege that MERS or MERSCORP Holdings provide "remote

computing services" under SCA. A "remote computing service" is "the provision to the public of computer storage or processing services by means of an electronic communications system." 18 U.S.C. § 2711(2). Again, the legislative history confirms that "[r]emote computing services exist to provide sophisticated and convenient computing services to subscribers and customers from remote facilities." In re Michaels Stores Pin Pad Litig., 830 F. Supp. 2d at 524 (use of in-store payment processing PIN pad is not sufficient to render retailer subject to SCA). None of the allegations in the Complaint come close to describing activities by MERS or MERSCORP Holdings that plausibly support an allegation that those defendants provide "remote computing" services.

For these reasons, the Court should dismiss plaintiffs' claim under SCA.

### 2. The claim for relief under GLBA fails

Plaintiffs' GLBA claim fails because that statute does not permit a private right of action. In enacting GLBA, Congress sought to implement certain safeguards to protect the privacy of customers of financial institutions. See Stevens v. Interactive Fin. Advisors, Inc., 830 F.3d 735, 739 (7th Cir. 2016); Am. Family Mut. Ins. Co. v. Roth, 2005 WL 3700232, at *6 (N.D. Ill. Aug. 5, 2005), report and recommendation adopted, 2006 WL 2192004 (N.D. Ill. July 27, 2006). The statute states that it "shall be enforced by the Bureau of Consumer Financial Protection, the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission." 15 U.S.C. § 6805(a). Thus, "[t]he [GLBA] does not provide for private enforcement or even hint at any private right of action." Roth, 2005 WL 3700232, at *6. For this reason alone, the Court should dismiss plaintiffs' alleged GLBA claim.

Moreover Plaintiffs have not alleged sufficient facts to make it plausible that MERS or MERSCORP Holdings violated GLBA. GLBA prohibits the unlawful dissemination of

7

"nonpublic personal information." <u>See</u> 15 U.S.C. § 6801. The term "nonpublic personal information" is defined as "personally identifiable financial information (i) provided by a customer to a financial institution; (ii) resulting from any transaction with the consumer or any service performed for the consumer; or (iii) otherwise obtained by the financial institution." 15 U.S.C. § 6809(4)(A). It does not include publicly-available information. 15 U.S.C. § 6809(4)(B). Plaintiffs have not identified any "nonpublic personal information" that MERS or MERSCORP Holdings are alleged to possess, much less disclosed. Even if plaintiffs could seek private relief for alleged violation of GLBA, their claims should be dismissed because the Complaint is devoid of any facts supporting an alleged violation of GLBA.

### 3. <u>The claim for relief under FCRA fails</u>

The purpose of FCRA is to ensure accuracy and fairness in credit reporting. 15 U.S.C. § 1681(b). To do this, FCRA "places various requirements on consumer credit reporting agencies, furnishers of credit information to consumer credit reporting agencies, and users of consumer credit reports." <u>Jeffries v. Dutton & Dutton, P.C.</u>, 2006 WL 1343629, at *5 (N.D. Ill. May 11, 2006). In the Complaint, Plaintiffs allege in a conclusory manner that "Defendants negligently violated FCRA by failing to adopt and maintain procedures designed to protect and limit the dissemination of Plaintiffs' and Class Members' private and confidential information for the permissible purposes outlined by FCRA." Complaint ¶ 105. Plaintiffs' do not identify the provisions under FCRA that Defendants purportedly violated. And moreover, Plaintiffs, have not (and cannot) allege that MERS or MERSCORP Holdings meet the definition of any entity that may be subject to the requirements of FCRA. <u>Cf.</u> <u>Kodrick v. Ferguson</u>, 54 F. Supp. 2d 788, 794–95 (N.D. Ill. 1999) ("The text, stated purpose, structure, and legislative history all suggest that Congress wanted to place the responsibility for breaches of confidentiality primarily

on the credit reporting agencies."); <u>Lamb v. Mortg. Elec. Registration Sys., Inc.</u>, 2011 WL 5827813, at *5-6 (W.D. Was. Nov. 18, 2011) (dismissing FCRA claim where Plaintiff failed to allege that MERS was a "credit reporting agency"); <u>GMAC Mortg. V. McKeever</u>, 2010 WL 2639828, at *4 (E.D. Ky. June 29, 2010) (dismissing FCRA claim where Plaintiffs failed to allege any facts supporting a basis to hold MERS liable under FCRA).

Moreover, to plead a claim for a negligent violation of FCRA, under 15 U.S.C. § 1681o, Plaintiffs must allege a claim of actual damages and a causal relation between the violation of the statute and the actual harm suffered. <u>See</u> 15 U.S.C. § 1681o; <u>Finch</u>, 2016 WL 5391151, at *3 ("Without a causal relation between the violation of the statute and the harm suffered, a plaintiff cannot obtain an award of actual damages."). Here the Complaint fails to allege any facts that make plausible a claim for actual damages against MERS or MERSCORP Holdings. Instead, Plaintiffs rely on conclusory allegations that, as a result of the purported negligent violation of FCRA, Plaintiffs "were (and continue to be) damaged in the form of, without limitation, actual identify theft, expenses for credit monitoring and identify theft insurance, anxiety, emotional distress, loss of privacy, and other economic and noneconomic harm." Complaint ¶ 108. Missing from this conclusory allegation is a single allegation specific to any plaintiff that such harm occurred or was caused as a result of any alleged action by MERS or MERSCORP Holdings. Thus, aside from their conclusory allegations, Plaintiffs have "not provided even the slenderest of allegations to buttress the conclusion that [they] suffered actual damages in support of a theory of negligent violation under § 1681o(a)(1)." <u>Smith v. LexisNexis</u>, 2013 WL 2251771, at *3 (N.D. Ill. May 22, 2013).

Accordingly, the Court should dismiss Plaintiffs' claim for negligent violation of FCRA.

### 4.    The claim for relief under RESPA fails

RESPA "is a consumer protection statute that regulates the real estate settlement process, including servicing of loans and assignment of those loans." <u>Catalan v. GMAC Mortg. Corp.</u>, 629 F.3d 676, 680 (7th Cir. 2011). The statute imposes certain obligations on lenders and loan servicers. <u>Catalan</u>, 629 F.3d at 680. In the Complaint, Plaintiffs allege in a conclusory fashion that unspecified defendants violated RESPA by failing to take specific actions with respect to qualified written requests under Section 2605. Complaint ¶¶ 123-128. Yet, Plaintiffs cannot (and do not) allege that MERS or MERSCORP Holdings are "servicers." Under RESPA, a "servicer" is defined as "the person responsible for servicing of a loan." 12 U.S.C. § 2605(i)(2). "Servicing" means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan … and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). Plaintiffs have not, and cannot under Rule 11, plead any facts suggesting that MERS or MERSCORP Holdings "receiv[e] any scheduled periodic payments from a borrower" or "mak[e] the payments … with respect to amounts received from the borrower." Rather, while Plaintiffs assert that MERS is the nominee of the mortgagee with respect to certain loans, that allegation does not make it plausible that MERS (or MERSCORP Holdings for that matter) is a "servicer" under RESPA. Numerous courts have reached the same conclusion. <u>See</u> <u>Vien-Phuong Thi Ho v. Recontrust Co., N.A.</u>, 2016 WL 6093200, at *1 (9th Cir. Oct. 19, 2016) (affirming dismissal of RESPA claim because MERS is not a servicer); <u>Morton v. Bank of Am., N.A.</u>, 2013 WL 6491089, at * 5 (W.D. Mich. Dec. 10, 2013) (dismissing RESPA claim because RESPA applies only to servicers and MERS is not a servicer); <u>Jones v. Bank of New York</u>, 2013 WL 3728382, at *5 (D. Mass. July 12, 2013) ("BNY Mellon

and MERS are not servicers and fall outside the reach of [RESPA]."); <u>McDonald v. OneWest Bank, FSB</u>, 929 F. Supp. 2d 1079, 1095 (W.D. Wash. Mar. 17, 2013) (RESPA claim fails as to MERS because MERS is not a servicer).

The Court should dismiss plaintiffs' purported claims under RESPA for these reasons.

### 5.      The claim for unjust enrichment fails

To state a claim based on the theory of unjust enrichment, plaintiffs "must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." <u>HPI Health Care v. Mt. Vernon Hosp.</u>, 545 N.E.2d 672, 679 (Ill. 1989). Further, "[w]here there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." <u>La Throp v. Bell Fed. Savings & Loan Ass'n,</u> 370 N.E.2d 188, 195 (Ill. 1977).

Plaintiffs have failed to allege that that they conferred a benefit to MERS and MERSCORP Holdings. In the Complaint, Plaintiffs allege "Plaintiffs and members of the Class paid Defendants excessive fees, fines, collection costs, had their personal information misused by Defendants for the benefit of Defendant, investors and its employees." Complaint ¶ 134. As explained above, MERS and MERSCORP Holdings are not servicers and, as such, Plaintiffs do not have any good faith basis to assert that MERS and MERSCORP Holdings received any benefit from Plaintiffs. Accordingly, any allegation that MERS and MERSCORP Holdings received a gratuitous benefit is incorrect and implausible. Moreover, Plaintiffs cannot deny the existence of a contract pursuant to which they made mortgage payments or paid for services, thus, no unjust enrichment claim exists. <u>See</u> <u>La Throp</u>, 370 N.E.2d at 196. Finally, none of the Plaintiffs have alleged that they have had any connection whatsoever with MERS or

MERSCORP Holdings, therefore, there can be no claim for unjust enrichment against these two defendants.

### 6.    The claim for declaratory relief fails

Plaintiffs' claim for declaratory relief fails because the DJA does not provide for an independent claim for relief. The DJA provides that, subject to certain exceptions, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "The goal of the [DJA] is to allow for the efficient resolution of disputes by an early adjudication of the rights of the parties." Medical Assur. Co., Inc. v. Hellman, 610 F.3d 371, 377 (7th Cir. 2010). However, "[t]he Declaratory Judgment Act created no new rights, but rather created a new remedy with which to adjudicate existing rights. Walker Process Equip., Inc. v. FMC Corp., 356 F.2d 449, 451 (7th Cir. 1966) (citation omitted). Here, Plaintiffs assert a stand-alone claim for relief under the DJA. Complaint at 19-20. This claim, however, fails because the DJA does not provide plaintiffs with an independent claim for relief. See Keesler v. Electrolux Home Prod., Inc., 2016 WL 3940114, at *3 (N.D. Ill. July 21, 2016) (striking claim under the DJA on the grounds that it "provides only a form of relief, not an independent claim for relief.").

Furthermore, the Court should dismiss Plaintiffs' DJA claim because it is based solely on vague and conclusory assertions. In the Complaint, Plaintiffs seek a declaration that "Defendants have breached a contract between those entities and Plaintiffs and Class Members by allowing unauthorized individuals access [sic] to personal financial data, and/or authorized parties engaged in fraudulent activities in accessing and misusing fiduciary, confidential information." Complaint ¶ 114. This assertion is not supported by any factual allegations. Plaintiffs do not allege anywhere in the Complaint that any Plaintiff has a contractual

relationship with MERS or MERSCORP Holdings.  Rather, Plaintiffs rely solely on a vague and conclusory assertion that a contract has been breached, which the Court may ignore.  See Iqbal, 556 U.S. at 678.  Because the Complaint is devoid of any facts to suggest the existence of a contract between Plaintiffs and MERS or MERSCORP Holdings, Plaintiffs are not entitled to declaratory relief against those defendants.[1]

## IV.    CONCLUSION

For all of the foregoing reasons, the Court should dismiss the Complaint against MERS and MERSCORP Holdings with prejudice and without leave to amend.

---

[1] In the preamble of the Complaint, plaintiffs make passing reference to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and common law and constitutional privacy.  Plaintiffs, however, do not address these claims elsewhere in the Complaint. Nonetheless, to the extent the Court deems the complaint to have alleged such claims, they should be dismissed under Twombly and Iqbal for the reasons set forth above.

Respectfully submitted,

MERSCORP HOLDINGS, INC. and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

By its attorneys,

*/s/ Gregory N. Blase*
Gregory N. Blase
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02110
Telephone:  (617) 261-3000
Facsimile:  (617) 951-3175
Email: gregory.blase@klgates.com

Joseph Clark Wylie, II
Alexandria Dea Bond
Matthew Allen Alvis
K&L Gates LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207
Telephone:  (312) 372-1121
Facsimile:  (312) 827-8000
Email: joseph.wylie@klgates.com
lexi.bond@klgates.com
matt.alvis@klgates.com

Dated: November 29, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 29, 2016, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail, postage prepaid, to those indicated as non-registered participants.

*/s/ Gregory N. Blase*
Gregory N. Blase