# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SONYA DAVIS, et al., )
as individuals and on behalf of )
themselves and all Class Members, )
                                                           )
                     Plaintiffs, )
                                                           )      16 C 5993
             v.                           )
                                                           )      Judge Charles P. Kocoras
BANK OF AMERICA )
CORPORATION, et al., )
                                                           )
                    Defendants. )

## ORDER

Now before the Court are six Motions to Dismiss Plaintiff Sonya Davis and thirty-eight other individual Plaintiffs' (collectively, "Plaintiffs") Second Amended Complaint: (i) pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(6), and 20(a) by Defendant Bank of America Corporation ("BAC"); (ii) pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(6), and 20(a) by Quicken Loan's Inc. ("Quicken Loans"); (iii) pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) by Mortgage Electronic Registration Systems, Inc. ("MERS") and MERSCORP Holdings, Inc. ("MERSCORP Holdings"); (iv) pursuant to Federal Rules of Civil Procedure 8(a)(2), 12(b)(6), 20(a), and 21 by Wells Fargo & Company ("WFC"); (v) pursuant to Federal Rules of Civil Procedure 8(a)(2), 12(b)(6), 20(a), and 21 by HSBC Bank USA, N.A. ("HSBC"), and (vi) pursuant to Federal Rules of Civil Procedure

8(a), 12(b)(6), and 20(a) by SunTrust Banks, Inc. ("SunTrust"). For the following reasons, the Court grants Defendants' Motions.

**STATEMENT**

Plaintiffs initially filed a *pro se* Complaint in this action on June 8, 2016. On July 5, 2016, we dismissed Plaintiffs' Complaint, without prejudice, for violating Rules 8, 20, and 23. At that time, we urged Plaintiffs to seek counsel to assist with drafting a new Complaint and to be sensitive to joinder of the various parties. Plaintiffs retained counsel and filed a Second Amended Complaint (the "SAC"). BAC contends in their Motion to Dismiss that "despite counsel's involvement, the SAC remains unintelligible and fatally flawed." We agree.

In the SAC, thirty-nine Plaintiffs are suing seventeen Defendants. Plaintiffs allege that Defendants improperly disseminated their private and confidential information, which Defendants allegedly obtained while servicing Plaintiffs' mortgages. Based on this, Plaintiffs bring claims under the Stored Communications Act ("SCA"); the Gramm-Leach-Bliley Act ("GLBA"); the Fair Credit Reporting Act ("FCRA"); the Declaratory Judgment Act ("DJA"), and a claim for unjust enrichment. Additionally, Plaintiffs argue that Defendants violated the Real Estate Settlement Procedures Act ("RESPA") by mishandling their qualified written requests. However, Plaintiffs have not alleged sufficient facts to support the claimed wrongdoing.

To survive a motion to dismiss, the complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a). The pleading standard set forth in Rule 8(a) "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, Rule 8(a)(2) precludes lumping plaintiffs and defendants together without clarifying which plaintiff alleges what wrongdoing against which defendant. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed."). Lastly, Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Here, the SAC is devoid of meaningful alleged facts. Instead, Plaintiffs plead vague and conclusory allegations against unspecified "defendants." For example, Plaintiffs assert "Defendants negligently violated the FCRA by failing to adopt and maintain procedures designed to protect and limit the dissemination of Plaintiffs' and Class Members' private and confidential information for the permissible purposes outlined by the FCRA."). Additionally, Plaintiffs claim that "Defendants' actions have secured an additional unjust and wrongful windfall, in that they have received the benefits of a mortgage loan and they have collected fees and penalties without a legal basis to do so." The Complaint is overflowing with statements similar to these. "Complaints [are] wanting when they present vague, confusing, and conclusory

articulation of the factual and legal basis for the claim and [take] a general kitchen sink approach to pleading the case." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F. 3d 939, 946 (7th Cir. 2013). More work needs to be done to remake the remaining allegations into intelligible claims compliant with Rule 8(a).

Additionally, the SAC still fails to demonstrate why such individual financial institutions should be joined in one proceeding. As we stated in our Order dismissing Plaintiffs' initial Complaint:

> [i]n the event Plaintiffs attempt to file an amended complaint, they are reminded that Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for multiple defendants to be "joined in one action" if "any right to relief is asserted against ***them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences***" and "any question of law or fact ***common to all defendants*** will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). If these requirements cannot be met as to all defendants in one action, one or more plaintiffs would be required to sue one or more defendants in separate actions in which the requirements of Rule 20(a)(2) could be met.

Plaintiffs have not followed our advice. The claims against Defendants do not arise out of the same or related transactions. Plaintiffs do not offer a single factual allegation that connects these various Defendants—many of which are competitors who maintain their own consumer records. *See DirecTV, Inc. v. Perez*, 2003 WL 22682344, at *1(N.D. Ill. Aug. 2003) ("[N]one of the Defendants are alleged to have acted in concert with any of the others," and "the facts relating to the transaction of one Defendant are distinct from the facts relating to the transaction of each of the other Defendants."). Likewise, Plaintiffs have alleged scant facts to suggest that their claims are properly joined.

There are only two Plaintiff-specific allegations in the SAC, and both claims are divergent. For instance, Plaintiff Cheryl Bell claims that her loan was modified without her consent in November 2014 following a data breach at her servicer. However, Plaintiff Darren Woodgett claims that an unspecified Defendant originated two loans in Woodgett's name in 2005 and 2006 while he was incapacitated or hospitalized.

Even the general claim that forms the basis for the SAC, that Plaintiffs had their identities stolen, are related to one another "in the same way that purchases of milk from a grocery store are logically related: each transaction involves a transaction in a similar good for a similar purpose." *Perez*, 2003 WL22682344 at *1. Here, assuming Plaintiffs' allegation regarding the dissemination of their private information is true, whether there was a system-wide privacy breach or a Plaintiff-level privacy breach, a breach of privacy by one Defendant would be entirely unrelated to a privacy breach by any other Defendant. Therefore, even if Plaintiffs were victims of a system-wide data breach at their respective banks, we find it improper to join their claims with other Plaintiffs who are victims of a breach at another bank.

For these reasons, Defendants' Motions to Dismiss are granted, and Plaintiffs' Complaint is dismissed without prejudice. Plaintiffs likely predicted this outcome because they have requested leave to file a third amended complaint. We grant their motion. Plaintiffs are given 30 days from the date of this Order to file a third

amended complaint.  Plaintiffs and their newly retained counsel are strongly encouraged to once again consider that if they cannot meet the requirements of Rule 20(a)(2) in one action, one or more plaintiffs should sue one or more defendants in separate actions.  It is so ordered.

Dated:  2/13/2017

_____
Charles P. Kocoras
United States District Judge