# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SONYA DAVIS, et al., )<br>as individuals and on behalf of )<br>themselves and all Class Members, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BANK OF AMERICA )<br>CORPORATION, et al., )<br>)<br>Defendants. ) | 16 C 5993<br><br>Judge Charles P. Kocoras |

## ORDER

Now before the Court is Bank of America Corporation ("BAC"), JPMorgan Chase Bank, N.A. ("Chase"), EMC Mortgage Corporation, LLC ("EMC"), Bear Sterns Companies, LLC ("Bear Sterns"), Deutsche Bank National Trust Company ("Deutsche"), Wells Fargo & Company ("WFC"), HSBC Bank USA, N.A. ("HSBC"), Quicken Loan's Inc. ("Quicken Loans"), Mortgage Electronic Registration Systems, Inc. ("MERS") and MERSCORP Holdings, Inc.'s ("MERSCORP Holdings") (collectively, "Defendants") Motion to Dismiss Plaintiff Sonya Davis and thirty-eight other individual Plaintiffs' (collectively, "Plaintiffs") Third Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(6), 20(a) and 21. For the following reasons, the Court grants Defendants' Motion.

**STATEMENT**

Plaintiffs initially filed a *pro se* Complaint in this action on June 8, 2016. On July 5, 2016, we dismissed Plaintiffs' Complaint, without prejudice, for violating Rules 8, 20, and 23. At that time, we urged Plaintiffs to seek counsel to assist with drafting a new Complaint and to be sensitive to joinder of the various parties. Plaintiffs retained counsel and filed a Second Amended Complaint (the "SAC"). On February 13, 2017, this Court dismissed Plaintiffs' SAC without prejudice. In that Order, this Court once again encouraged Plaintiffs to be thoughtful of Rule 20 and to "consider that if they cannot meet the requirements of Rule 20(a)(2) in one action, one or more plaintiffs should sue one or more defendants in separate actions." Plaintiffs filed their Third Amended Complaint (the "TAC") on April 13, 2017. Defendants argue that "Plaintiffs took advantage of the opportunity to Amend, but made no meaningful effort to improve the SAC." We agree.

The TAC, like its predecessor, contains page after page of generalized recriminations, but no allegations tethered to any Plaintiff of Defendant. Plaintiffs allege that Defendants improperly disseminated their private and confidential information, which Defendants allegedly obtained while servicing Plaintiffs' mortgages. Based on this, Plaintiffs bring claims under the Stored Communications Act ("SCA"); the Gramm-Leach-Bliley Act ("GLBA"); the Fair Credit Reporting Act ("FCRA"); the Declaratory Judgment Act ("DJA"); and a claim for unjust enrichment. Additionally, Plaintiffs argue that Defendants violated the Real Estate Settlement

Procedures Act ("RESPA") by mishandling their qualified written requests. However, in response to Defendants' Motion to Dismiss, Plaintiffs abandon three of their six claims as "hav[ing] no true merit."[1] That leaves this Court only to consider Plaintiffs claims arising under the Fair Credit Reporting Act, the Gramm-Leach-Bliley Act, and for unjust enrichment. We address each claim individually.

To survive a Motion to Dismiss, the Complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The pleading standard set forth in Rule 8(a) "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, Rule 8(a)(2) precludes lumping plaintiffs and defendants together without clarifying which plaintiff alleges what wrongdoing against which defendant. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed."). Lastly, Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

---

[1] Plaintiffs voluntarily dismissed their claims relating to the Stored Communications Act, the Real Estate Settlement Procedures Act, and the Declaratory Judgment Act.

### 1) Gramm-Leach-Bliley Claim

Plaintiffs' GLBA claim fails for two reasons. First, Plaintiffs' bald statement that Defendants must have violated the GLBA to "succeed" in the securitization of their loans is a conclusory statement in plain violation of Rule 8(a). Second, as Defendants note, there is no private right of action under GLBA. *See Johnson v. Melton Truck Lines, Inc.*, No. 14 C 07858, 2016 WL 8711494, at *9 (N.D. Ill. Sept. 30, 2016) ("The GLBA, moreover, does not provide for a private right of action, so [plaintiff] would not be able to bring a claim under that Act even if he had pled sufficient facts to state a claim."). Thus, Plaintiffs' GLBA claim is dismissed.

### 2) Fair Credit Reporting Claim

The FCRA only subjects "consumer credit reporting agencies, furnishers of credit information to consumer credit reporting agencies, and users of consumer credit reports" to liability. *Jeffries v. Dutton & Dutton, P.C.*, No. 05 C 4249, 2006 WL 1343629, at *5 (N.D. Ill. May 11, 2006) (internal quotations and citation omitted). The statute "imposes different obligations on [these] three types of entities." *Gibson v. Prof'l Account Mgmt.*, No. 11-12920- BC, 2011 WL 6019958, at *3 (E.D. Mich. Dec. 1, 2011).

Without identifying any particular FCRA provision, Plaintiffs claim that Defendants "negligently violated" the statute by "failing to adopt and maintain procedures designed to protect and limit the dissemination of Plaintiffs' and Class Members' private and confidential information for the permissible purposes outlined

by FCRA." This allegation does not support FCRA liability on any Defendant's part, either as a "credit reporting agency," "furnisher," or "user."

FCRA defines a "consumer reporting agency" as an entity that "regularly engages . . . in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. ¶ 1681a(f). Plaintiffs make no allegations in the TAC that this definition encompasses Defendants. Instead, Plaintiffs state that Defendants are in the mortgage business, "acting . . . as . . . loan originator[s], servicers, depositors, sponsor[s], master servicer[s], and or [sic] trustees." *See Mirfashishi v. Fleet Mortg. Corp.*, 551 F.3d 682 (7th Cir. 2008) (holding that mortgage bank was not a "consumer reporting agency" under FCRA). Therefore, Plaintiffs fail to state a claim that Defendants are consumer reporting agencies.

Likewise, Plaintiffs have not alleged any facts to state a claim for "furnisher" or "user" liability. The only FCRA section that potentially provides a private right of action against "furnishers" is 15 U.S.C. § 1681s-2(b). *See Jeffries*, 2006 WL 1343629, at *5. To state a claim under that section, a plaintiff must allege that he provided notice of a credit dispute to the consumer reporting agency, the agency notified the furnisher of the dispute, and the furnisher failed to fulfill its obligations under the statute. *See id*. Here, Plaintiffs make no such allegation. Plaintiffs also cannot maintain a FCRA claim against Defendants as "users" because they fail to

allege facts showing that Defendants are "users" of consumer credit reports. For these reasons, Plaintiffs' FCRA claim is dismissed.

### 3) Unjust Enrichment

Plaintiffs' unjust enrichment claim fails because the subject matter of the claim is covered by contract. As Defendants state in their Motion to Dismiss, "[i]f a 'contract exists between the parties concerning the same subject matter on which the [unjust enrichment] claim rests, the existence of the contract bars a claim for unjust enrichment.'" *Apex Med. Research, AMR, Inc. v. Arif*, 145 F. Supp. 3d 814, 836 (N.D. Ill. 2015) (internal quotations and citation omitted). Thus, a mortgagor cannot sue his lender for unjust enrichment in connection with his mortgage because a mortgage contract covers the relationship of the parties. *See Perez v. Citicorp Mortg., Inc.*, 301 Ill. App. 3d 413, 425 (1998). Accordingly, Plaintiffs' unjust enrichment claim is dismissed.

## CONCLUSION

For the aforementioned reasons, the Court grants Defendants' Motion to Dismiss. It is so ordered.

Dated: 9/25/2017

*/s/ Charles P. Kocoras*
Charles P. Kocoras
United States District Judge