

**UNITED PEOPLE'S ACTION**          **Albert Burks** Co-Chairman
**CHAMBER OF COMMERCE INC. (UPACC)**      Chief Executive
Officer
(800) 586-2285  FAX#:(815) 664-3351
Housing & Foreclosure Committee
Department of Diversity
Media Communications | United People's Action Chamber of Commerce, Inc. (UPACC)     Website: upaccinc.us

March 1, 2024

Sonya Davis
    UPACC Vice President of Housing & Foreclosure Advocacy
    Hud Housing Counselor
    975 Seven Hills Dr. Unit 1222
    Henderson, NV. 89052
    Email: Sec.1958@yahoo.com
    Phone: (800) 586-5012 ext.: 813

**FILED**

MAR 14 2024

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**

Attn: Jane Sherburne
General Counsel NCI-007-57-25
Bank of America
Bank of America Corp.
100 N. Tryon St.
Charlotte, NC 28255-0001

Attn: David C. Darnell/ Vice Chairman
    Bank of America Corp.
    42nd Street and Sixth Avenue
    New York, New York 10007

Attn: Fraud Dept./Legal Dept.
The Bank of New York Mellon
One Wall Street
New York, New York 10286

The Office of the Comptroller of Currency
    400 7th St. SW
    Washington D.C. 20500

CC: United States District Court
    Northern District of Illinois
    Eastern Division Case # 2017- CV- 07714
    Attn: Honorable Charles P. Kocoras
    Champer: 2565

U.S. Department of Justice
Office of the Inspector General
Fraud Detection Office
1300 N. 17th St. Suite # 3200
Arlington VA 22209

Attn: Fraud/Legal Dept.
    JP Morgan Chase & Co.
    New York, NY 10017

Federal Deposit Insurance Corporation
    Division of Finance
    3501 North Fairfax Drive
    Building E, 5th floor
    Arlington, VA 22226

U.S. Department of Justice
Office of the Inspector General
Fraud Detection Office
1300 N. 17th St. Suite # 3200
Arlington VA 22209

Robert C. Weaver Federal Building
U.S. Dept. of Housing and Urban Development
    451 7th Street S.W.,
    Washington, DC 20410

1

Jesse White
Illinois Secretary of State
Attn: Fraud Dept.
213 State Capitol
Springfield, IL 62756

Illinois Department of Justice
318 S. 6th St.
Springfield, IL 62701

Consumer Financial Protection
Bureau
1500 Pennsylvania Ave.
Washington D.C. 20020

WELLS FARGO & COMPANY
20 Montgomery Street,
San Francisco, California 94104
Attn: Legal/Fraud Dept.

Attn: Beverly A. Freeney
Vice President
U.S. Bank Trust National Association
100 Wall Street, Suite 1600
New York, NY 10005

Merscorp Holdings, Inc.
1818 Library St. Suit # 410
Reston, VA 20190

Attn: Legal Dept.
HSBC Bank USA, N.A.
452 Fifth Avenue
New York, NY 10018

Citigroup Inc.
388 Greenwich Street,
New York, NY 10013
Attn: Legal/Fraud Dept.

Dear Mr. Vice Chairman

**Promissory Note pursuant 7 CFR. §§ 1951.5**

**SONYA DAVIS** a Hud Housing Counselor Foreclosure Advocacy on behalf of "United People's Action Champer of Commerce Inc". (UPACC)

**Who represent Class members as their Hud housing counselor as well as a member of this classaction lawsuit filed in 2016. Referred as Plaintiffs'/Borrowers/Defendants named in original civil case # 2016 cv 5993 and re-consideration case# 2017 cv 7714** {hereinafter "Plaintiffs'/Borrowers"} submitting this letter on behalf of Class members who was the primary Plaintiffs/Borrowers' I'm here to exercise their Due Process and demanding the original **"PROMISSORY NOTE"** under the **"UNIFORM COMMERCIAL CODE" PATRIOT ACT, PROMISSORY NOTE actual face value pursuant to 7 CFR. §§ 1951.5 whereas end of day this amount to MORTGAGE FRAUD.**

After our civil case was unofficially dismissed in Federal Court by the Judge Charles P. Kocoras on September 25,2017 under case Sonya Davis et, al v. Bank of America N.A. et, al 2016-cv-05993 against Bank of America N.A., JP Morgan Chase Bank N.A., Bear Sterns Companies, LLC, Deutsche Bank National Trust Company, EMC Mortgage Corporation, Wells Fargo & Company, HSBC Bank USA, U.S. Bank Trust, Citigroup INC. Merscorp Holding INC., Mortgage Electronic Registration Systems INC. (MERS). (hereinafter Defendants).

2

Which originate from the wrongful foreclosures filed within Cook County Circuit Court Chancery Division against class members. To re-open this case and vacate the summary judgment. During my constant research into these innocents' homeowners' loan documents, I discovered that the "Master Mortgage Loan" whereas the borrowers at the time of closing of the mortgage contract was unaware that they were signing this alleged hidden document **"Master Mortgage Loan"** which is a separate document from the regular mortgage contract the borrower's signs, is one of the main reasons the closing agent speeds through-out the closing process without allowing the borrower to read what they are actually signing.

Which only benefit the alleged investor once the loan is rated and grouped into loan pools. Therefore, its impossible that the borrowers signed any Promissory Note this the reason financial institution could not produce the original "Promissory Note" doing the foreclosure procedure held within Cook County Circuit Court Chancery Division prior to the filing of this civil complaint.

> The SEC alleges that Bank of America failed to tell investors that more than 70 percent of the mortgages backing the offering – called BOAMS 2008-A – originated through the bank's "wholesale" channel of mortgage brokers unaffiliated with Bank of America entities. Bank of America knew that such wholesale channel loans – described by Bank of America's then-CEO as "toxic waste" – presented vastly greater risks of severe delinquencies, early defaults, underwriting defects, and prepayment. These risks all directly impact the returns to RMBS investors, however Bank of America only selectively disclosed the percentage of wholesale channel loans to a limited group of institutional investors. Bank of America never disclosed this material information to all investors and never filed it publicly as required under the federal securities laws.

My question: Whom is the real party that allegedly signed the original promissory note?

The problem with this deal which is very strange the Plaintiffs/borrowers were victimized by the named financial institutions between period of 2004-2008 when these alleged institutions were underwriting teaser rate with intention to gain a higher revenue...... allowing these innocent families to suffer hardship due to failure to pay their mortgage after that second year when the interest rate adjusted into a higher rate.

When the ledged loans closed between 2004 until 2008 there were no Promissory Note attached to these fraudulent, misleading alleged original Mortgage documents. The worst part of the Note was later recorded with the Security Exchange Commission after the ledged sheriff sale. The majority of these bad loans were sold in 2008 during the housing meltdown. During this time many homeowners lost their lives fighting to save their homes from these bad one-sided mortgage contracts due the emotional stress especially among seniors homeowners who suffered the most.

I'm demanding that Bank of America N.A. as well as all the named banks stated above prove that these homeowners signed any "Promissory Note" after the fact. I'm demanding that the true wet ink (the one signed with blue ink) according to "The Freedom of Information Act, 5 U.S.C. § 552," those states:

> (3)(A) Except with respect to the records made available under paragraphs (1) and (2) of this subsection, and except as provided in subparagraph (E), each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

3

> (B) In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format. Each agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible for the purposes of this section. (C) In responding under this paragraph to a request for records, an agency shall make reasonable efforts to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information system.

Be presented. And furthermore, the Plaintiffs/Borrowers never signed the mortgage contract in present of a notary or any representative from MERS were present during the original closing of the loan. One might argue according to the recorded mortgage contract a notary swears that they were a witness to the signing of these alleged loan documents. *(not true, I am a living witness)*

If any Title Company or Closing Agency can swear under oath that a notary was present, we as well as the court would have no choice but to subpoena anyone who claims they witness a notary present.

The question would be "Why wasn't this document signed exactly like the Mortgage, if it was signed on the same day of closing?

I believe beyond a reasonable doubt this would be consider mortgage fraud, before we can claim fraud was committed, we need to first look at what part of fraud is associated with this mortgage transaction.

18 U.S. Code § 1012 - Department of Housing and Urban Development transactions

> Whoever induces or influences such Department to purchase or acquire any property or to enter into any contract and willfully fails to disclose any interest which he has in such property or in the property to which such contract relates, or any special benefit which he expects to receive as a result of such contract—
> Shall be fined under this title or imprisoned not more than one year, or both.

  Prior to foreclosing on **VICTIMS** homes Bank of America N.A. as well as all mentioned financial institutions failed to record within Cook County Recorder of Deeds office proof that either Borrower made promise to pay this loan. Before I go into further details concerning the above referenced loans we must go back to the closing of this loan.

If you take a close look into this alleged Purchase Money Mortgage/Mortgage/subordinate/reverse (Mortgages) was designed with fraud from the beginning to the day foreclosure action and ledged Sheriff sales generate. Some of these loans were generated had rent rider attached when indeed this was their primary home without any rental tenants... When in fact this was **BORROWERS's** primary and only property.

Upon my continuous research after the case allegedly closed, I discovered that these innocent homeowners never signed a Promissory Note.

Note under the UCC:

 55 Where there is no written disclaimer, every endorser engages to any holder (whether or not for value) and to subsequent endorsers that he will pay the instrument according to its tenor at the time of his endorsement where the conditions precedent, i.e., presentment for payment, dishonor, necessary notice of dishonor and protest, have been met. U.C.C. § 3-414(1). 5

4

A "promissory note" is an instrument in writing (not being a bank-note or a currency-note) containing an unconditional undertaking, signed by the maker, to pay on demand or at a fixed or determinable future time a certain sum of money only to, or to the order of, a certain person, or to the bearer of the instrument.

Who is the bearable of this alleged Mortgage? according to *"Negotiable Instrument Act of 1881."* which States:

78. Subject to the provisions of section 82, clause (c), payment of the amount due on a promissory note, bill of exchange or cheque must, in order to discharge the maker or acceptor, be made to the holder of the instrument.

Note:18 U.S. Code § 1021 - Title records

Whoever, being an officer or other person authorized by any law of the United States to record a conveyance of real property or any other instrument which by such law may be recorded, knowingly certifies falsely that such conveyance or instrument has or has not been recorded, shall be fined under this title or imprisoned not more than five years, or both.

First and foremost, the account in question was paid in advance, it's was discovered when the research into this loan was completed. The loan was totally **charged off** and sold on the stock exchange without the permission of the **BORROWERs'**, the **BORROWERS** wasn't present when the ledged notary sat down to notarize the documents. During my research I also discovered that banks cannot lend credit to anyone and without that promissory note the lender cannot states that they are a "collection agency and they are there to collect a debt" because without the promissory note which truly gives that authority a bank has no ground to stand on.

Under the Patriot Act, which is also referred as Bank Secrecy Act which is under Title 31 Sec. 5311 and the Treasury Regulations governing the Bank Secrecy Act 31 CFR Code of Federal Regulations Sec. 101.31. Because the closing agency never disclosed where the funds came from, this jeopardizes everyone involved. To claim any currency account according to all applicable laws, both state and federal a full disclosure must be present upon signing of the contract.

If the party in question did sign the ledged promissory note, please respond to the questions below.

1. When and if any alleged promissory note was signed which account did the money generated from?
2. Was the alleged promissory note deposited into any account in the name of the bank?
3. Did the promissory note back the demand for payment issued by the bank?
4. Does the bank understand what the term check kiting means?
5. Does a banking institution have the ability to deposit an "I owe you", and write a demand for payment from the account where the "I owe you" was deposited?

If you can honestly answer these questions and show your documentations under The Freedom of Information Act, 5 U.S.C. § 552, that the above-named institutions is the true holder of the note prior to foreclosure the BORROWERS doesn't have an valid argument.

5

The Supreme Court states that the mortgagee who is filing foreclosure must produce the original **"PROMISSORY NOTE"** and the original wet ink **"NOTE" (Blue Ink).** With all due respect the first thing these financial institutions attorneys claim the original note was lost.

We both are aware that the foreclosure filed cases were filed using Robo signing of documents which we both know is one of the reasons why the State Attorney General filed a class action lawsuit against all the major banks.

The **BORROWERS** never had the opportunity to exercise their **"DUE PROCESS"** under the **14th Amendment of US Constitution as well as 7 CFR. §§ 1951.5.** The above-named Banks intentionally and wrongfully sold these properties without the plaintiffs'/borrowers' knowledge. Knowing that they never promise to pay anything. As stated before, after the property was sold Bank of America et, al, realized their mistake three-years later and then proceeded to correct the problem hoping that it wouldn't be discovered.

During this time, I Sonya Davis Independent Hud Housing Counselor reached out to help these emotionally stressed and deeply depress homeowners who passed away. whereas Bank of America N.A. et, al, refused claiming that the homes was sold and the property was back in the most of the banks REO Department, therefore none of these homeowners didn't qualify for any or second mitigation workout solution. This totally stressed the senior citizen homeowners which caused their illness to escalate Now! I'm continuing the fight in their HONOR.

Ignoring ARTICLE III, 18 U.S.C. § 2381 and 28 U.S.C. § 1446 - as it pertains to the referenced Federal litigation;

18 U.S. Code § 2076 - by instructing a Court Clerks – **Law Clerks** Samantha Cutler and Kathryn Peninger not to accept or Docket filed documents by the Plaintiff; 8. Unnecessary Judicial Delay;

The first point of action was to assist the homeowner by offering some form of workout, to save the property from foreclosure. Therefore, the **BORROWERS** never had a chance to exercise their "DUE PROCESS". Bank of America N.A. et, al, violated the **BORROWERS "CIVIL RIGHTS"** Bank of America et, al, also violated "HUD" Housing of Urban Development for failure to exhaust all resources before filing any foreclosure actions against the homeowner this also falls under racial discrimination.

And Finally, The Federal Law 9-102 A 65, it clearly says Borrower is NOT OBLIGATED to pay this Promissory Note:

> Section (47): "**Instrument**" means a negotiable instrument or any other writing that evidences a right to the payment of a monetary obligation, is not itself a <u>security agreement</u> or lease, and is of a type that in ordinary course of business is transferred by delivery with any necessary indorsement or assignment. The term does not include (i) <u>investment property</u>, (ii) letters of credit, or (iii) writings that evidence a right to payment arising out of the use of a credit or charge card or information contained on or for use with the card.
>
> Section (65): "**Promissory note**" means an <u>instrument</u> that evidences a promise to pay a Monetary obligation, does not evidence an order to pay, and does not contain an acknowledgment by a <u>bank</u> that the bank has received for deposit a sum of money or funds.

6

This proves further that Borrowers Homes was paid in full after the initial 90-day closing period. But that's not the argument... The Point is Federal Law 9-102 A 65 and 7 CFR §§ 1951.5 If you don't know it, you need to Read It. We didn't have this Information when we were in Court, but we have it NOW & that's the reason for resubmitting this original complaint.

The **BORROWERS are** exercising their rights Pursuant to Truth And Lending Act {TILA} 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23, the **BORROWERS (See attachment)** hereby exercise their **"RIGHTS"** to **RESCIND** the mortgage transaction Pursuant to TILA and Regulation Z, you have twenty-days after receipt of this Notice of Rescission to return all monies paid and to take action necessary and appropriate to terminate the security interest. Please be advised that the mortgage is automatically voided by operation of law upon rescission under 15 U.S.C. § 1635(b). Therefore, any attempt to report this mortgage to the credit agencies is a willful violation of "Fair Credit Reporting Act 15 U.S.C.§ 1681a sr seq.

The **BORROWERS** is seeking in return a clear reconveyance if applicable of title and full refund as well as the true value of the Promissory Note pursuant 7 CFR. §§ 1951.5 that is due. I hope that we can resolve this issue without any further legal action.

**NEGOTIATIONS OPEN**

*Sincerely Submitted,*

"Without Prejudice/Recourse" Signature: By: *Sonya Davis* _____ Authorized Representative

SONYA DAVIS
And
Sonya Davis
**"Living Soul"**
*28 U.C.C.§§1-308, 1-207 & 1-103*

STATE OF NEVADA)
                 )
COUNTY OF CLARK)

Signed and sworn (affirmed) before me this __5th__ day of March ɉ so. 2024, a living human being identified to me to be "Affiant" above known to me or upon government issued photo ID presented personally appeared before me, avowed the above statements to be true and correct, execute this document of affiant's Certify Notice of Intent for Service.

B Gent

SEAL: 

B. Genter
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 23-0229-01
My Appt. Expires August 10, 2027

7

*This is final order in 16-CV-05993*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SONYA DAVIS, et al., )
as individuals and on behalf of )
themselves and all Class Members, )
)
Plaintiffs, )
) 16 C 5993
v. )
) Judge Charles P. Kocoras
BANK OF AMERICA )
CORPORATION, et al., )
)
Defendants. )

## ORDER

Now before the Court is Bank of America Corporation ("BAC"), JPMorgan Chase Bank, N.A. ("Chase"), EMC Mortgage Corporation, LLC ("EMC"), Bear Sterns Companies, LLC ("Bear Sterns"), Deutsche Bank National Trust Company ("Deutsche"), Wells Fargo & Company ("WFC"), HSBC Bank USA, N.A. ("HSBC"), Quicken Loan's Inc. ("Quicken Loans"), Mortgage Electronic Registration Systems, Inc. ("MERS") and MERSCORP Holdings, Inc.'s ("MERSCORP Holdings") (collectively, "Defendants") Motion to Dismiss Plaintiff Sonya Davis and thirty-eight other individual Plaintiffs' (collectively, "Plaintiffs") Third Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(6), 20(a) and 21. For the following reasons, the Court grants Defendants' Motion.

*the order release case 16cv 5993*

## STATEMENT

Plaintiffs initially filed a *pro se* Complaint in this action on June 8, 2016. On July 5, 2016, we dismissed Plaintiffs' Complaint, without prejudice, for violating Rules 8, 20, and 23. At that time, we urged Plaintiffs to seek counsel to assist with drafting a new Complaint and to be sensitive to joinder of the various parties. Plaintiffs retained counsel and filed a Second Amended Complaint (the "SAC"). On February 13, 2017, this Court dismissed Plaintiffs' SAC without prejudice. In that Order, this Court once again encouraged Plaintiffs to be thoughtful of Rule 20 and to "consider that if they cannot meet the requirements of Rule 20(a)(2) in one action, one or more plaintiffs should sue one or more defendants in separate actions." Plaintiffs filed their Third Amended Complaint (the "TAC") on April 13, 2017. Defendants argue that "Plaintiffs took advantage of the opportunity to Amend, but made no meaningful effort to improve the SAC." We agree.

The TAC, like its predecessor, contains page after page of generalized recriminations, but no allegations tethered to any Plaintiff of Defendant. Plaintiffs allege that Defendants improperly disseminated their private and confidential information, which Defendants allegedly obtained while servicing Plaintiffs' mortgages. Based on this, Plaintiffs bring claims under the Stored Communications Act ("SCA"); the Gramm-Leach-Bliley Act ("GLBA"); the Fair Credit Reporting Act ("FCRA"); the Declaratory Judgment Act ("DJA"); and a claim for unjust enrichment. Additionally, Plaintiffs argue that Defendants violated the Real Estate Settlement

Procedures Act ("RESPA") by mishandling their qualified written requests. However, in response to Defendants' Motion to Dismiss, Plaintiffs abandon three of their six claims as "hav[ing] no true merit."[1] That leaves this Court only to consider Plaintiffs claims arising under the Fair Credit Reporting Act, the Gramm-Leach-Bliley Act, and for unjust enrichment. We address each claim individually.

To survive a Motion to Dismiss, the Complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The pleading standard set forth in Rule 8(a) "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, Rule 8(a)(2) precludes lumping plaintiffs and defendants together without clarifying which plaintiff alleges what wrongdoing against which defendant. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed."). Lastly, Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

---

[1] Plaintiffs voluntarily dismissed their claims relating to the Stored Communications Act, the Real Estate Settlement Procedures Act, and the Declaratory Judgment Act.

1) **Gramm-Leach-Bliley Claim**

Plaintiffs' GLBA claim fails for two reasons. First, Plaintiffs' bald statement that Defendants must have violated the GLBA to "succeed" in the securitization of their loans is a conclusory statement in plain violation of Rule 8(a). Second, as Defendants note, there is no private right of action under GLBA. *See Johnson v. Melton Truck Lines, Inc.*, No. 14 C 07858, 2016 WL 8711494, at *9 (N.D. Ill. Sept. 30, 2016) ("The GLBA, moreover, does not provide for a private right of action, so [plaintiff] would not be able to bring a claim under that Act even if he had pled sufficient facts to state a claim."). Thus, Plaintiffs' GLBA claim is dismissed.

2) **Fair Credit Reporting Claim**

The FCRA only subjects "consumer credit reporting agencies, furnishers of credit information to consumer credit reporting agencies, and users of consumer credit reports" to liability. *Jeffries v. Dutton & Dutton, P.C.*, No. 05 C 4249, 2006 WL 1343629, at *5 (N.D. Ill. May 11, 2006) (internal quotations and citation omitted). The statute "imposes different obligations on [these] three types of entities." *Gibson v. Prof'l Account Mgmt.*, No. 11-12920- BC, 2011 WL 6019958, at *3 (E.D. Mich. Dec. 1, 2011).

Without identifying any particular FCRA provision, Plaintiffs claim that Defendants "negligently violated" the statute by "failing to adopt and maintain procedures designed to protect and limit the dissemination of Plaintiffs' and Class Members' private and confidential information for the permissible purposes outlined

by FCRA." This allegation does not support FCRA liability on any Defendant's part, either as a "credit reporting agency," "furnisher," or "user."

FCRA defines a "consumer reporting agency" as an entity that "regularly engages . . . in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. ¶ 1681a(f). Plaintiffs make no allegations in the TAC that this definition encompasses Defendants. Instead, Plaintiffs state that Defendants are in the mortgage business, "acting . . . as . . . loan originator[s], servicers, depositors, sponsor[s], master servicer[s], and or [sic] trustees." *See Mirfashishi v. Fleet Mortg. Corp.*, 551 F.3d 682 (7th Cir. 2008) (holding that mortgage bank was not a "consumer reporting agency" under FCRA). Therefore, Plaintiffs fail to state a claim that Defendants are consumer reporting agencies.

Likewise, Plaintiffs have not alleged any facts to state a claim for "furnisher" or "user" liability. The only FCRA section that potentially provides a private right of action against "furnishers" is 15 U.S.C. § 1681s-2(b). *See Jeffries*, 2006 WL 1343629, at *5. To state a claim under that section, a plaintiff must allege that he provided notice of a credit dispute to the consumer reporting agency, the agency notified the furnisher of the dispute, and the furnisher failed to fulfill its obligations under the statute. *See id*. Here, Plaintiffs make no such allegation. Plaintiffs also cannot maintain a FCRA claim against Defendants as "users" because they fail to

5

allege facts showing that Defendants are "users" of consumer credit reports. For these reasons, Plaintiffs' FCRA claim is dismissed.

### 3) Unjust Enrichment

Plaintiffs' unjust enrichment claim fails because the subject matter of the claim is covered by contract. As Defendants state in their Motion to Dismiss, "[i]f a 'contract exists between the parties concerning the same subject matter on which the [unjust enrichment] claim rests, the existence of the contract bars a claim for unjust enrichment.'" *Apex Med. Research, AMR, Inc. v. Arif*, 145 F. Supp. 3d 814, 836 (N.D. Ill. 2015) (internal quotations and citation omitted). Thus, a mortgagor cannot sue his lender for unjust enrichment in connection with his mortgage because a mortgage contract covers the relationship of the parties. *See Perez v. Citicorp Mortg., Inc.*, 301 Ill. App. 3d 413, 425 (1998). Accordingly, Plaintiffs' unjust enrichment claim is dismissed.

### CONCLUSION

For the aforementioned reasons, the Court grants Defendants' Motion to Dismiss. It is so ordered.

Dated: 9/25/2017

Charles P. Kocoras
United States District Judge

By PRO SE PETITIONERS:

Larry and Belinda Brown
2850 Chase Park Drive Apt. C
Homewood, IL 604
708-785-7706
*[signature]*

Zdzislaw Krajewski
2501 N. 73 Av.
Elmwood Park, IL
773-612-4373
*[signature]*

Steven E. Davis
1752 W. Edmaire
Chicago, IL 60643
773-441-2742
*[signature]*

Cheryl Bell
14209 S. Edbrooke Av
Riverside, IL 60827
708-528-3672
*[signature]*

Peggy L. Strong
270 Duke Dr.
Lynwood, IL 60411
708-682-5417
*[signature]*
708-682-5417

Elizabeth Robinson
805 7th Ave. SE
Austin, MN 55912
702-202-7878
*[signature]*

Louis G. Bartucci
125 Boardwalk Pl
Apt. 302
Chicago, IL 606
773-814-1000
*[signature]*

Geraldine Blanton
*[signature]*
8420 Lakeside Dr Apt. 2b
Fort Wayne, IN 46816
708-707-4924

Cheryl M. Malden
1632 S. Indiana Ave.
Chicago, IL 60616
*[signature]*
312-485-9845

Denise Woodgett
1528 N. Lee Blvd
Berkley, IL 60163
*[signature]*
312-605-0123

Jeffery Sanders
16260 Louis Ave.
South Holland, IL
60473 {apt 102}
847-707-9369

Dennis F. and Susan R. Martinek
123 Gloveland
Riverside, IL 60546
708-508-0122
*[signature]*

Mack Glover
2305 Holiday Terrace Apt. 135
Lansing 60438
678-733-7771
*[signature]*

Darryl and Ann Coney-Bell
7716 S. St. Lawrence
Chicago, IL 60619
773-727-3223
*[signature]*

Yvonne Singleton
879 Honey Ln
Crete, IL
708-296-3329
*[signature]*

By PRO SE PETITIONERS:

Larry and Belinda Brown
2850 Chase Park Drive Apt. C
Homewood, IL 604
708-785-7706
*/signature/*

Zdzislaw Krajewski
2501 N. 73 Av.
Elmwood Park, IL
773-612-4373
*/signature/*

Steven E. Davis
1752 W. Edmaire
Chicago, IL 60643
773-441-2742
*/signature/*

Cheryl Bell
14209 S. Edbrooke Av
Riverside, IL 60827
708-528-3672
*/signature/*

Peggy L. Strong
270 Duke Dr.
Lynwood, IL 60411
708-682-5417
*/signature/*
708-682-5417

Elizabeth Robinson
805 7th Ave. SE
Austin, MN 55912
702-202-7878
*/signature/*

Louis G. Bartucci
125 Boardwalk Pl
Apt. 302
Chicago, IL 606
773-814-1000
*/signature/*

Geraldine Blanton
8420 Lakeside Dr Apt. 2b
Fort Wayne, IN 46816
708-707-4924
*/signature/*

Cheryl M. Malden
1632 S. Indiana Ave.
Chicago, IL 60616
312-485-9845
*/signature/*

Denise Woodgett
1528 N. Lee Blvd
Berkley, IL 60163
312-605-0123
*/signature/*

Jeffery Sanders
16260 Louis Ave.
South Holland, IL
60473 {apt 102}
847-707-9369
*/signature/*

Dennis F. and Susan R. Martinek
123 Gloveland
Riverside, IL 60546
708-508-0122
*/signatures/*

Mack Glover
2305 Holiday Terrace Apt. 135
Lansing 60438
678-733-7771
*/signature/*

Darryl and Ann Coney-Bell
7716 S. St. Lawrence
Chicago, IL 60619
773-727-3223
*/signature/*

Yvonne Singleton
879 Honey Ln
Crete, IL
708-296-3329
*/signature/*



U.S. P...
FCM L...
HEND...
MAR 08
$9...
R23030...
60604
Retail
RDC 99



CERTIFIED MAIL

9589 0710 5270 1542 3138 53

Sonya Davis
975 Seven Hills Dr #1222
Henderson, NV 89052

Attn: Judge Charles P. Kocoras
Rm: 2568
Eastern Division
Everett McKinley Dirksen U.S. Court
219 S. Dearborn St
Chicago, IL 60604

RETURN RECEIPT REQUESTED

RECEIVED mc
MAR 14 2024 PL
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT

STAGE PAID
TER
SON, NV 89014
2024

00570-88